UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GRAYBAR ELECTRIC COMPANY,
INC.,

      Plaintiff,

v.                                                    CASE NO. 3:24-cv-1051-BJD-SJH

GEOFFREY NIELSON, et al.,

      Defendants.
_____/

## ORDER

Plaintiff, Graybar Electric Company, Inc. ("Plaintiff"), sued Defendants, Geoffrey Nielson ("Nielson") and Eckart, LLC ("Eckart"; together with Nielson, "Defendants"). Plaintiff brought state-law claims for breach of contract against Nielson (Count One), tortious interference against Eckart (Count Two), breach of the duty of loyalty against Nielson (Count Three), and violation of the Florida Uniform Trade Secret Act against Nielson (Count Five); Plaintiff also brought a claim (Count Four) against Nielson under the Federal Defend Trade Secrets Act ("DTSA"). *See generally* Doc. 1. Plaintiff has invoked diversity jurisdiction under 28 U.S.C. § 1332. *See id.*, ¶ 12. Plaintiff has also invoked federal question jurisdiction under 28 U.S.C. § 1331 as to the DTSA claim in Count Four. *Id.*, ¶ 13.

In pertinent part, Rule 7.1 of the Federal Rules of Civil Procedure ("Rule(s)") requires all parties "[i]n an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a)" to file a disclosure statement naming, and identifying the

citizenships of, each individual or entity whose citizenship is attributed to that party. *See* Fed. R. Civ. P. 7.1(a)(2).

Local Rule 3.03 requires each party to file a disclosure statement using a standard form, available in the "forms" section of the Court's website, www.flmd.uscourts.gov, with its first appearance. If completed properly the standard form complies with the requirements of Rule 7.1 and provides to the assigned district judge and magistrate judge information concerning potential conflicts. To that end, the standard form has questions that must be completed in every case and additional questions that must be completed in any case in which jurisdiction is based on diversity under 28 U.S.C. § 1332.

Upon review, Eckart's disclosure statement, Doc. 17, fails to provide the necessary information required by Rule 7.1 and Local Rule 3.03, and will thus be stricken with Eckart directed to file a new and completed disclosure statement. More specifically, the subparagraphs of Question 2 in the standard disclosure-statement form require the filer to provide information about citizenship attributable to the filer in an action based on diversity jurisdiction. In responding, Eckart answered "No" that this Court's jurisdiction was not based on diversity and thus declined to provide the required citizenship information. Eckart stated as follows:

> No. While the Complaint alleges both diversity and federal question jurisdiction, Plaintiff's claim under federal Defendant Trade Secrets Act clearly establishes federal question jurisdiction and, further, this matter is categorized as having federal question jurisdiction on the Court's docket.

Doc. 17 at 2. Eckart's attempt to excuse itself from the information required by Rule

2

7.1 and Local Rule 3.03 is unavailing. Neither Rule 7.1 nor this Court's standard disclosure statement limit requirements to an action in which subject matter jurisdiction is based *exclusively* on diversity jurisdiction. To the contrary, the plain language of Rule 7.1 and this Court's corresponding disclosure-statement form each require citizenship disclosure in any action with jurisdiction based on diversity under 28 U.S.C. § 1332, which, as Eckart acknowledges, this action is as "Plaintiff alleges both diversity and federal question jurisdiction[.]" Doc. 17 at 2; *see also* Complaint, ¶¶ 12-13.

Even if not otherwise required by the Rules and Local Rules, there is good reason to confirm, at the outset, if diversity jurisdiction was properly invoked. Though federal question jurisdiction over the DTSA claim is apparent, all other claims alleged by Plaintiff are brought under state law. Jurisdiction over the state-law claims must exist. That is, the Court must have either diversity jurisdiction or supplemental jurisdiction under 28 U.S.C. § 1367. Not only must the parties and the Court confirm jurisdiction over all claims, but the type of jurisdiction might matter. Courts may, under certain circumstances, decline to exercise supplemental jurisdiction. *See* 28 U.S.C. § 1367(c). Indeed, in some instances they are encouraged to do so. *E.g.*, *Harris-Billups on behalf of Harris v. Anderson*, 61 F.4th 1298, 1305 (11th Cir. 2023).

Accordingly, Eckart's disclosure statement, Doc. 17, will be stricken. Eckart will be directed to carefully and properly complete and file a disclosure statement pursuant to Local Rule 3.03.

Additionally, Nielson has failed to file a disclosure statement as required by

3

Local Rule 3.03. The Court will therefore direct Nielson to file a disclosure statement using the standard form found on the Court's website.

Accordingly, it is **ORDERED**:

1. Eckart's Disclosure Statement (Doc. 17) is **stricken**.

2. On or before **December 2, 2024**, Defendants shall each file a proper disclosure statement in accordance with Local Rule 3.03.

**DONE AND ORDERED** in Jacksonville, Florida, on November 22, 2024.

_____
Samuel J. Horovitz
United States Magistrate Judge

Copies to:

Counsel of Record