UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GRAYBAR ELECTRIC COMPANY,
INC.,

    Plaintiff,

v.                                                               CASE NO. 3:24-cv-1051-BJD-SJH

GEOFFREY NIELSON, et al.,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on two motions to seal ("Motions"): (i) Graybar Electric Company, Inc.'s Motion to Seal Exhibit 5 to Plaintiff's Combined Motion to Compel and Incorporated Memorandum of Law ("First Motion"), Doc. 46; and (ii) Eckart's Amended Motion to Seal Under Local Rule 1.11 and the Parties' Confidentiality Agreement ("Second Motion"), Doc. 54. No other memorandum supporting the sealing sought in either of the Motions has been filed, and the deadline for such a memorandum has passed. *See* Local Rule 1.11(c). For the reasons herein, the Motions are due to be denied.

The First Motion, filed by Graybar Electric Company, Inc. ("Graybar"), seeks leave to seal Exhibit 5 to a motion to compel it filed, which contains partially redacted documents produced by Eckart, LLC ("Eckart") that Eckart designated as attorneys' eyes only under the parties' confidentiality agreement. Doc. 46. Graybar asserts that it "does not believe that Exhibit 5 is deserving of being filed under seal," but it seeks

sealing on the sole grounds that Eckart has designated the documents at issue attorneys' eyes only such that Graybar must seek sealing under the parties' confidentiality agreement. *Id.* at 1, 6.

The Second Motion, filed by Eckart, seeks leave to seal certain sales incentive plans ("SIPs") produced by Graybar and incorporated by reference in Eckart's opposition to Graybar's motion to compel. Doc. 54. Like the First Motion, the sole asserted basis for sealing is the opponent's confidentiality designation under the parties' confidentiality agreement. *Id.* Thus, "Eckhart does not necessarily agree the SIPs are confidential and deserving of being filed under seal," but it seeks sealing because "the Parties' Confidentiality Agreement provides that documents designated as Confidential can only be filed under seal." *Id.* at 5.

"Sealing is not authorized by a confidentiality agreement, a protective order, a designation of confidentiality, or a stipulation." Local Rule 1.11(a).[1] Yet the Motions seek sealing solely on such grounds. Notably, neither movant agrees or argues that the items proposed for sealing are in fact confidential or warrant sealing; rather, each doubts or disagrees that sealing is warranted and seeks sealing solely due to the other side's designation under the parties' confidentiality agreement. Eckart had 14 days after service of the First Motion (in which Graybar moved to seal items designated

---

[1] Because the Motions involve materials filed in connection with a discovery motion, the common law right of access does not apply, and sealing is subject to the ordinary standard of good cause. *See Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1310, 1312 (11th Cir. 2001). But, as set forth herein, the parties desiring protection have not even attempted to show good cause, and the Motions, which do not contend any protection is warranted, rely only on designations of confidentiality, which is insufficient. *See* Local Rule 1.11(a).

attorneys' eyes only by Eckart) and Graybar had 14 days after service of the Second Motion (in which Eckart moved to seal items designated confidential by Graybar) to "file a memorandum supporting the seal." *See* Local Rule 1.11(c). Neither did so. Thus, no good cause for sealing has been shown. *See Lingard v. Holiday Inn Club Vacations, Inc.*, No. 6:23-cv-323-JSS-RMN, 2024 WL 3708037, at *1 (M.D. Fla. July 15, 2024) ("Plaintiffs filed their Motion seeking to provisionally seal exhibits to their motion for class certification … and provided no basis apart from the parties' agreement that the materials should be sealed. Defendants have not responded to the Motion, nor have they provided a memorandum establishing good cause to support the seal. The court therefore finds that good cause does not exist to maintain the documents under seal.") (internal citations omitted); *see also Lingard v. Holiday Inn Club Vacations, Inc.*, No. 6:23-cv-323-JSS-RMN, 2024 WL 3666447, at *1 (M.D. Fla. July 19, 2024). Accordingly, it is **ORDERED**:

1. The Motions (Doc. 46 and 54) are **denied**.

2. Following expiration of the 14-day stay set forth in Local Rule 1.11(d), the Clerk is **directed** to unseal docket entries 46-1 and 54-1.

**DONE AND ORDERED** in Jacksonville, Florida, on June 3, 2025.

Samuel J. Horovitz
United States Magistrate Judge

Copies to: Counsel of Record