UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GRAYBAR ELECTRIC COMPANY,
INC.,

      Plaintiff,

v.                                          CASE NO. 3:24-cv-1051-BJD-SJH

GEOFFREY NIELSON, et al.,

      Defendants.
_____/

## ORDER

Plaintiff, Graybar Electric Company, Inc. ("Plaintiff"), sued Defendants, Geoffrey Nielson ("Nielson") and Eckart, LLC ("Eckart"; together with Nielson, "Defendants"). Doc. 27. Defendants answered, Docs. 31, 33, Nielson counterclaimed, Doc. 38, and Plaintiff answered the counterclaim, Doc. 41. Discovery is ongoing. But not very efficiently. Before the Court are two motions ("Motions"): (i) Eckart's motion for a protective order ("Motion for Protective Order"), Doc. 45; and (ii) Plaintiff's motion to compel ("Motion to Compel"), Doc. 47.

The Motions are fully briefed, with responses and authorized replies. Docs. 49, 52, 58, 60. The parties have tried to confer on the Motions but, per Eckart, "have made no headway in resolving the foundational issue of whether there is a restrictive covenant that remains operative today." *E.g.*, Doc. 45 at 16. Eckart thus believes that discovery should generally halt because the contract upon which Plaintiff is suing was superseded and is unenforceable. *Id.* at 16; Doc. 52 at 12. Plaintiff, for its part, asks

that the Court find Eckart's Motion for Protective Order untimely and its discovery objections waived. Doc. 49 at 4-7.

Upon review, the Court believes that the parties could benefit from further conferral, with some guidance. The Court will therefore make some preliminary rulings, require further conferral, and schedule a hearing to (if necessary) address any issues not resolved by conferral.

With respect to the preliminary rulings, the Court first declines to find Eckart's Motion for Protective Order untimely or its discovery objections waived. It appears that Eckart has steadfastly maintained its objections, of which Plaintiff was aware, and the parties were actively attempting (albeit without success) to confer and narrow the issues in dispute. Even assuming *arguendo* any responses were technically untimely (which is not necessarily so, *see generally* Doc. 60), at minimum there is good cause under the precise circumstances presented for declining to find a waiver. *See, e.g.*, *QSR S. Grp., LLC v. A & A Rest. Holdings, LLC*, No. 2:19-cv-781-JLB-MRM, 2021 WL 7448876, at *2 (M.D. Fla. June 25, 2021).

However, to the extent Eckart seeks a stay of discovery, such request is denied. In addition, the Court overrules Eckart's objections premised on its contention that the contract upon which Plaintiff is suing is inoperative. In limited circumstances, a dispositive motion might warrant a stay of discovery pending its resolution, but such "is the exception, rather than the rule" and is generally disfavored. *In re LoanCare Data Sec. Breach Litig.*, No. 3:23-cv-1508-MMH-MCR, 2024 WL 2318147, at *1 (M.D. Fla. May 22, 2024); *see also Gen. Dynamics Elec. Boat Corp. v. Skobic*, No. 3:24-cv-387-WWB-

2

MCR, 2024 WL 4188363, at *3 (M.D. Fla. Sept. 13, 2024). Unilateral motions to stay discovery pending resolution of a dispositive motion "are rarely granted" and are reserved for "unusual circumstances" justifying a stay. *In re LoanCare Data Sec. Breach Litig.*, 2024 WL 2318147, at *1 (quotations omitted). Thus, motions to stay discovery are generally denied absent: (i) "a <u>clear indication</u> a case will be dismissed in its entirety"; and (ii) "a specific showing that discovery in [the] case presents the type of <u>unusually</u> prejudicial or burdensome circumstance which could warrant a stay" sufficient to carry the movant's burden of showing that a stay is necessary, appropriate, and reasonable. *Id.* (citations omitted). In evaluating a stay request, courts take a "preliminary peek" at a dispositive motion to determine if dismissal of an action in its entirety "is so patently obvious as to warrant the exceptional relief of a stay." *Id.*; *see also Gen. Dynamics Elec. Boat Corp.*, 2024 WL 4188363, at *3; *Joens v. Nationstar Mortg., LLC*, No. 8:23-cv-2717-MSS-NHA, 2024 WL 865879, at *2 (M.D. Fla. Feb. 29, 2024). Here, a preliminary peek at the docket reflects that there is no pending dispositive motion, and in turn no patently obvious path to imminent dismissal.

The Court also notes that the parties' joint uniform case management report agreed that discovery should *not* be conducted in phases and

> may be needed on these subjects: (1) Defendant Neilson's employment, job responsibilities, and business activities with Defendant Eckart, LLC; (2) *Defendant Neilson's Employment Agreement, dated April 13, 2000, and the extent to which he has violated the restrictive covenants contained therein*; (3) the extent to which Defendant Neilson violated Graybar's Code of Business Conduct and Ethics, which he last acknowledged on January 6, 2024; (4) the extent to which Defendant Neilson violated his duty of loyalty; (5) Defendant Neilson's unauthorized downloading of and continued access to Graybar's confidential information following his resignation from

      Graybar; (6) *Defendant Eckart's employment and business activities within 300 miles of Graybar's Jacksonville location, including those of Defendant Neilson*; and (7) the facts and circumstances related to any counterclaims that Neilson may pursue against Graybar.

Doc. 23 at 4-5 (emphasis added).

      Finally, an argument that a claim "is somehow legally insufficient is not enough to preclude discovery" on relevancy grounds. *See Unlimited Res. Inc. v. Deployed Res., LLC*, No. 3:07-cv-961-J-12MCR, 2009 WL 212188, at *3 (M.D. Fla. Jan. 29, 2009); *Regions Bank v. Lynch*, No. 2:08-cv-31-FtM-99SPC, 2008 WL 11334993, at *1 (M.D. Fla. Dec. 9, 2008) ("Defendants' arguments relating to relevance and the fact the claim may fail lacks merit."), *objections overruled*, 2009 WL 395780 (M.D. Fla. Feb. 17, 2009); *see also United States ex rel. Edler v. Escambia Cnty.*, 344 F.R.D. 345, 350 (N.D. Fla. 2023); *Beeman v. Protective Life Corp.*, No. 2:17-cv-1234-JEO, 2020 WL 13656061, at *3 & n.1 (N.D. Ala. Jan. 16, 2020) (collecting authority).[1]

      Apart from these preliminary rulings, the Court will otherwise take the Motions under advisement and direct further conferral unimpeded by these foundational obstacles. If discovery proceeds—and the Court has ruled it will—other overarching contentions appear to be limiting the parties' conferral efforts. For example, Eckart argues that the discovery Plaintiff seeks is commercially sensitive and warrants protection from a competitor. *E.g.*, Doc. 45 at 15-16. Eckart also generally asks the Court to limit discovery based on its contention that "the law only enforces *reasonable*

---

[1] Contrary to Eckart's characterization, its argument that discovery is irrelevant because the noncompete agreement on which Plaintiff bases its claims was replaced plainly goes to the merits.

4

covenants to protect *legitimate* interests" and that Plaintiff's position "that the non-compete will be enforced *exactly* as written" is untenable. Doc. 52 at 15, 19.

The Court reserves final ruling on these issues. But, in further conferring, the parties should consider:

The first issue presents a serious (though not uncommon in noncompete litigation) concern. But Plaintiff counters that the parties' confidentiality agreement allows for an attorneys' eyes only designation that prohibits disclosure from anyone (including in-house counsel) with Plaintiff. Doc. 49 at 2-3, 12-13. And even the authority cited by Eckart acknowledges the ameliorative effect of such a remedy. For example, Eckart argues that "[v]exatious litigation, like this lawsuit that recent discovery has proven meritless, cannot be used as a means to discover sensitive information from a competitor that should be protected." Doc. 45 at 16.[2] In support, Eckart cites *Collier HMA Physician Mgmt., LLC v. NCH Healthcare Sys., Inc.*, No. 2:18-cv-408-FtM-38MRM, 2020 WL 13614464, at *5 (M.D. Fla. Aug. 13, 2020) for the proposition that "'real and unjustifiable harm' … can result from producing sensitive business materials to a competitor[.]" *Id.* But *Collier* (on the *very page* cited by Eckart) found that "a designation of attorneys' eyes only—*i.e.*, limiting disclosure and access to the discovery [at issue] solely to counsel and experts—is an appropriate

---

[2] At this point, the lawsuit is allegedly "vexatious and meritless" solely based on Eckart's say-so; no rulings have been made on the merits, nor, as discussed, have any dispositive motions even been filed. And as referenced earlier (and Eckart occasionally, as here, slips into acknowledging), its relevancy arguments are plainly merits-based. *See supra* note 1.

compromise" that "adequately protects" the interests of the disclosing party. *See Collier*, 2020 WL 13614464, at *5. On that basis, the court in *Collier* thus *overruled* any objections "based on the purported confidentiality or proprietary sensitivity of the documents and information in question[.]" *Id.*; *see also Superior Consulting Servs., Inc. v. Shaklee Corp.*, No. 6:16-cv-2001-Orl-31GJK, 2017 WL 8893863, at *3-4 (M.D. Fla. July 27, 2017).

As to the second issue, where a noncompete agreement purports to impose a prohibition, it appears, like the merits issue discussed above, that an argument that such a prohibition is unenforceable is better suited for a dispositive motion than a discovery limitation. *See, e.g.*, *Am. Standard Inc. v. Humphrey*, No. 3:06-cv-893-J-32MCR, 2007 WL 1812506, at *2 (M.D. Fla. June 22, 2007) ("The Separation Agreement contains a non-compete provision preventing Defendant from having an ownership interest in any competing business. … Defendant … objects to providing his personal financial information on the grounds that any agreement preventing Defendant from having such an ownership interest would violate [the Florida noncompete statute,] Florida Statute § 542.335. This is an argument Defendant is free to make in a dispositive motion, however, is not sufficient to prevent discovery of relevant information.").

In conclusion, Eckart makes serious arguments as to the legitimacy and viability of Plaintiff's claims. Plaintiff strenuously disagrees. Nothing herein is intended to address or rule on the substantive merits. If, as Eckart argues, Plaintiff's claims are frivolous, there are mechanisms for addressing such claims. But the Motions present

purely discovery disputes. With the preliminary rulings and other observations herein, the Court will set a hearing and first direct further conferral to attempt to resolve the outstanding discovery issues.

Accordingly, it is **ORDERED**:

1. As set forth herein, the Motions (Docs. 45 and 47) are **denied in part, and taken under advisement in part**.

2. A hearing on the outstanding issues raised in the Motions ("Pending Issues") is scheduled to take place before the Court on **June 24, 2025, at 1:00 p.m.** ("Hearing"). The Hearing will be conducted by video teleconferencing using Zoom. The Courtroom Deputy will separately send participants the link. Information on how others can observe the proceeding can be found on the Court's website, www.flmd.uscourts.gov. Participants and observers should dress in suitable attire and appear in front of an appropriate professional background. Recording, broadcasting, transmitting, or photographing any part of the proceedings is strictly prohibited. *See* Local Rule 5.01.

3. Counsel for Nielson is permitted, but not required, to attend the Hearing.

4. The attorneys for each side who intend to argue at the Hearing must confer in good faith in person, by videoconference, or by telephone about the Pending Issues, *making every reasonable effort to resolve or narrow* the Pending Issues prior to the Hearing.

5. If Plaintiff and Eckart resolve all Pending Issues, then they shall promptly

file a joint notice stating that the Hearing may be canceled and that the Motions may be denied as moot.

   6. If Plaintiff and Eckart do *not* resolve all Pending Issues, then on or before **June 18, 2025,** they shall file a joint notice certifying the manner of conferral as required by this Order. Such notice shall also state, for each of the Pending Issues, whether such issue has been resolved, narrowed (and if so, how), or requires the Court's consideration. For each issue requiring the Court's consideration, Plaintiff and Eckart shall jointly indicate, in a *nonargumentative* manner, a *concise* statement of the issue and of each side's position.

   **DONE AND ORDERED** in Jacksonville, Florida, on June 6, 2025.

               Samuel J. Horovitz
                United States Magistrate Judge

Copies to:

Counsel of Record